**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | CASE NO:   1:11-cv-2176 |
| Plaintiff, | ) ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | NANCY A. VECCHIARELLI |
| | ) | |
| SOUTHGATE BUSINESS CENTER, LLC, | ) ) ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

This case is before the undersigned United States Magistrate Judge pursuant to the consent of the parties. (Doc. No. 24.) Before the Court is Defendant Southgate Business Center's ("Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of standing. (Doc. No. 15.) Plaintiff, Wells Fargo Bank ("Plaintiff") opposes. (Doc. No. 20.) For the reasons set forth below, Defendant's motion is DENIED.

**I.**

The following facts are not in dispute unless otherwise indicated.  On August 1,

2006, Defendant executed a promissory note ("the Note") with, and obtained a loan from KeyBank National Association ("KeyBank") in the amount of $1,395,000.00. The same day, Defendant executed an open-ended mortgage, assignment of rents, and security agreement ("the Mortgage") with KeyBank to secure the loan. Plaintiff alleges KeyBank assigned the Mortgage to Plaintiff ("the Assignment") to be effective April 27, 2007, and that Plaintiff recorded the Assignment on October 29, 2007, as Instrument Number 200710290481.

On October 13, 2011, Plaintiff filed its complaint seeking foreclosure on the Mortgage interest because Defendant allegedly defaulted on the loan. (Doc. No. 1.) On December 8, 2011, Defendant filed its motion to dismiss. (Doc. No. 15.) Defendant argues that Plaintiff lacks standing to foreclose on the Mortgage because the Assignment is invalid, as KeyBank's representative did not sign the Assignment on the same day as, and in front of, the Notary Public.

On January 6, 2012, Plaintiff filed its response in opposition to Defendant's motion. (Doc. No. 20.) Plaintiff contends that Defendant misperceives the Assignment and that there is no basis to conclude that the Assignment is invalid.

Defendant did not reply to Plaintiff's response.

## II.

When ruling on a motion to dismiss, a court construes the complaint in a light most favorable to the plaintiff, accepts all well-pleaded factual allegations as true, and determines whether the plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. *Bishop v. Lucent Techs., Inc.*, 520

F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all the material elements of its claims to sustain a recovery under some viable legal theory. Id. Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id. A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. Id. The factual allegations must be enough to raise a right to relief above the speculative level; that is, there must be "enough facts to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 555, 570 (2007)).

### III.

Defendant essentially challenges the validity of Plaintiff' mortgage. The party challenging the validity of a mortgage must prove by clear and convincing evidence that the mortgage is not valid. In re Bozman, 365 B.R. 824, 827 (S.D. Ohio 2007). The second page of the Assignment that purports to assign the Mortgage from KeyBank to Plaintiff indicates that KeyBank's representative, Richard G. Manes, signed the Assignment:

> IN WITNESS WHEREOF, the Assignor by its duly authorized officers has caused this Assignment to be duly executed, sealed, acknowledged and delivered.
>
> Effective as of *Apr 27, 2007*
>
> ASSIGNOR:
>
> KEYBANK NATIONAL ASSOCIATION, a national banking association,
>
> By: *[signature]*
> Name: RICHARD G. MANES
> Title: VICE PRESIDENT

3

(Doc. No. 15-1.) The third page contains the Notary Public's verification:

> STATE OF MISSOURI )
> ) ss.
> COUNTY OF JACKSON )
>
> On this 11th day of April, 2007, before me appeared_____ Richard G. Manes, to me personally known, who being by me duly sworn, did say that he is the Vice President for KeyBank National Association, a national banking association, and that the said instrument was signed on behalf of said national banking association by authority, and said Richard G Manes, acting as the Vice President for said national banking association acknowledged said instrument to be the free act and deed of said national banking association.
>
> IN WITNESS WHEROF, I have hereunto set my hand and affixed my notarial seal on the day and year last above written.
>
> _____
> Notary Public in and for
> Said County and State
>
> [SEAL: CAROL BROWNFIELD, Notary Public - Notary Seal, State of Missouri, County of Jackson, My Commission Exp. 02/09/2008]
>
> _____
> Print or stamp the Notary's name & expiration date
>
> My Commission Expires___2/9/2008_____.

(Doc. No. 15-1.) Defendant contends that the Assignment is not valid because Mr. Manes signed the Assignment on April 27, 2007, while the Notary Public verified the Assignment on April 11, 2007. The Court disagrees. The Assignment is clear: April 27, 2007, was the date that the Assignment was to take effect, not the date that Mr.

4

Manes signed the Assignment.  Further, a notary public is a public officer, and "[t]he rule is generally accepted that, in the absence of evidence to the contrary, public officers . . . will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner."  *In re Roberts*, 402 B.R. 808, 815 (S.D. Ohio 2009) (quoting *State ex rel. Boccuzzi v. Cuyahoga Cty. Bd. of Comm'rs*, 112 Ohio St.3d 438, 860 N.E.2d 749, 753 (2007)).  Absent evidence to the contrary, there is no basis to conclude that the Notary Public falsely verified on April 11, 2007, that the Assignment had been signed on behalf of KeyBank.

Because Defendant has failed to show that the Assignment is invalid and, therefore, that Plaintiff lacks standing, Defendant's motion to dismiss is denied.

### IV.

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

**IT IS SO ORDERED**.

                *s/ Nancy A. Vecchiarelli*
                U.S. Magistrate Judge

Date: February 1, 2012