### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | CASE NO. 1:11-CV-2176 |
| Plaintiff, | ) ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | NANCY A. VECCHIARELLI |
| | ) | |
| SOUTHGATE BUSINESS CENTER, LLC, | ) ) | |
| | ) | **ORDER** |
| Defendant. | ) | Doc. Nos. 9, 30 |

Before the Court are Plaintiff's Petition for Appointment of Receiver (Doc. No. 9) and Amended Petition for Appointment of Receiver (Doc. No. 30).  For the following reasons, Plaintiff's Amended Petition for Appointment of Receiver is GRANTED, and the original Petition for Appointment of Receiver is DENIED as moot.

**I.**

Plaintiff seek to foreclose on a mortgage interest in property currently held by Defendant.  (Doc. No. 1.)  On November 11, 2011, Plaintiff filed its Petition for Appointment of Receiver (Doc. No. 9) and attached a proposed order for the appointment of Pac Zachery of GlassRatner as receiver of the propety in interest (Doc.

No. 9-2). Defendant opposed (Doc. No. 16), and also filed a motion to dismiss (Doc. No. 15). Defendant's only argument in support of both filings was that Plaintiff lacked standing because the assignment by which Plaintiff purportedly obtained the promissory note and mortgage underlying this foreclosure action was not properly notarized. On February 1, 2012, the Court found that Defendant's argument lacked merit and denied Defendant's motion to dismiss. (Doc. No. 25.)

On February 15, 2012, the Court held a telephone status conference to discuss Plaintiff's pending Petition for Appointment of Receiver. (Doc. No. 29.) Plaintiff's counsel indicated that an affidavit attached to Plaintiff's complaint supported some, but not all of the facts contained in Plaintiff's proposed order for the appointment of a receiver, and that Paragraph 8 of the proposed order relied on an incorrect section of the mortgage. Therefore, Plaintiff's counsel indicated that she would file an amended motion for the appointment of a receiver and an amended proposed order for the appointment of a receiver by the end of that day. Defendant's counsel did not object. The Court directed Defendant's counsel to file on or before Tuesday, February 21, 2012, an answer to Plaintiff's complaint and a notice indicating whether Defendant disputed any facts set forth in Plaintiff's amended proposed order for the appointment of a receiver.

On February 15, 2012, Plaintiff filed its Amended Petition for Appointment of Receiver (Doc. No. 30) and attached an amended proposed order for the appointment of Pac Zachery of GlassRatner as receiver of the property in interest (Doc. No. 30-3). On February 17, 2012, Plaintiff filed the affidavit of Peter Trotter in support of its amended petition and amended proposed order. (Doc. No. 31.)

On February 21, 2012, Defendant filed an answer to Plaintiff's complaint (Doc. No. 32), but Defendant did not file a notice indicating whether it disputed any facts set forth in Plaintiff's amended proposed order for the appointment of a receiver. Instead, Plaintiff requested a seven-day extension of time to file such a notice. (Doc. No. 33.) Plaintiff opposed Defendant's motion for an extension of time. (Doc. No. 34.) On February 27, 2012, the Court granted Defendant's motion for an extension of time; accordingly, Defendant's notice was due on or before February 28, 2012. (Order 02/27/12.)

Defendant failed to file a notice on February 28, 2012, indicating whether it disputed any facts set forth in Plaintiff's amended proposed order for the appointment of a receiver. On February 29, 2012, Plaintiff filed a letter with the Court wherein Plaintiff requested that the Court issue its amended proposed order for the appointment of a receiver, particularly because Defendant failed to file a notice of any disputed facts. (Doc. No. 35.) As of the date of this Order, Defendant still has not filed such a notice, has not provided an explanation for its failure to abide by this Court's order to file a notice, and has not responded to Plaintiff's letter.

**II.**

Plaintiff's amended proposed order for the appointment of a receiver contains some facts that are identical to or materially the same as certain facts alleged in Plaintiff's complaint. Accordingly, although Defendant did not file a notice indicating which facts in Plaintiff's amended proposed order are disputed, some of those facts are admitted pursuant to Defendant's answer to the complaint. Those facts are as follows:

1. On or about August 1, 2006, KeyBank National Association ("Original

3

> Lender") made a loan to Defendant in the original principal amount of One Million Three Hundred Ninety-Five Thousand and 00/100 Dollars ($1,395,000.00) (the "Loan") pursuant to the terms and conditions of that certain Promissory Note (the "Note") of even date therewith.

(*Compare* Amended Proposed Order ¶ 1 *with* Compl. ¶ 5 *and* Answer ¶ 5.)

2. To secure payment of the sums due under the Note, Defendant executed to Original Lender that certain Open-End Mortgage, Assignment of Rents And Security Agreement (the "Mortgage"), dated as of August 1, 2006 and recorded on August 3, 2006 in the Recorder's Office of Cuyahoga County, Ohio (the "Recorder's Office") as Instrument No. 200608031158.

(*Compare* Amended Proposed Order ¶ 2 *with* Compl. ¶ 6 *and* Answer ¶ 6.)

3. The legal description of the Mortgaged Premises is set forth on Exhibit "A" hereto.

(*Compare* Amended Proposed Order ¶ 3 *with* Compl. ¶ 7 *and* Answer ¶ 7.)

4. The Note is further secured by, among other things, those certain UCC-1 Financing Statements (the "UCC-1s"), recorded in the Recorder's Office and the Ohio Secretary of State.

(*Compare* Amended Proposed Order ¶ 4 *with* Compl. ¶ 8 *and* Answer ¶ 8.)

5. Plaintiff is the holder of the Mortgage pursuant to that certain Assignment Of Open-End Mortgage, Assignment of Rents And Security Agreement (the "Mortgage Assignment"), which Mortgage Assignment was recorded on October 29, 2007 with the Recorder's Office as Instrument No. 200710290481.

(*Compare* Amended Proposed Order ¶ 5 *with* Compl. ¶ 9 *and* Answer ¶ 9.)

6. Defendant is the record owner of the mortgaged premises.

(*Compare* Amended Proposed Order ¶ 6 *with* Compl. ¶ 11 *and* Answer ¶ 11.)

Plaintiff also alleges the following facts in its amended proposed order:

7. The Property consists of land with all improvements, furniture, fixtures, equipment, easements, appurtenances, intangibles and personalty thereon, together with any and all other property and things identified in the Mortgage.

    8.      The Mortgage provides, in Section 27 that:

> Upon Borrower's breach of any covenant or agreement of Borrower in this Instrument, Lender may in person, by agent or by a court-appointed receiver, regardless of the adequacy of Lender's Security, enter upon and take and maintain full control of the Property in order to perform all acts necessary and appropriate for the operation and maintenance thereof including, but not limited to, the execution, cancellation or modification of leases, the collection of all rents and revenues of the Property, the making of repairs to the Property and the execution or termination of contracts providing for the management or maintenance of the Property, all on such terms as are deemed best to protect the security of this Instrument. In the event Lender elects to seek the appointment of a receiver for the Property upon Borrower's breach of any covenant or agreement of Borrower in this Instrument, Borrower hereby expressly consents to the appointment of such receiver. Lender or the receiver shall be entitled to receive a reasonable fee for so managing the Property.

    9.      The Defendant is in default of its obligations under the Note and Mortgage for failing to pay sums due thereunder. As a result of Defendant's default, the Holder's security in the Property is threatened.

(Amend. Proposed Order 2-3.) Fact number 7 was not alleged in the complaint. Fact number 8 is supported by the record. (*See* Mortgage § 27, Doc. No. 1 Attach. 2.) As to fact number 9, Defendant "admits in part and denies in part" the allegation that Defendant is in default. (*Compare* Amended Proposed Order ¶ 9 *with* Compl. ¶ 13 *and* Answer ¶ 13.) The remaining findings of fact set forth in Plaintiff's amended proposed order for the appointment of a receiver are supported by the affidavit of Peter Trotter, which Plaintiff filed contemporaneously with its Amended Petition for Appointment of Receiver. (*See* Doc. No. 31.)

    The Court specifically directed defense counsel to include in its notice a statement as to whether Defendant was in default. Defendant, in failing to file the

5

notice, has disregarded this Court's order and has waived any objection to the appointment of a receiver on that ground.[1]  The factual findings set forth in Plaintiff's amended proposed order for the appointment of a receiver, including Defendant's default, are supported by the undisputed evidence in the record.  Accordingly, Plaintiff's Amended Petition for Appointment of Receiver is granted.

### III.

For the foregoing reasons, Plaintiff's Amended Petition for Appointment of Receiver is GRANTED, and the original Petition for Appointment of Receiver is DENIED as moot.

**IT IS SO ORDERED**.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date:  March 8, 2012

---

[1]  Defendant's only objection to the appointment of a receiver was previously overruled by this Court.  (Doc. No. 25.)